

**U.S. Department of Justice**

United States Attorney

Eastern District of Louisiana

---

*Irene Gonzalez, Assistant U.S. Attorney*
*Michael Lang, Trial Attorney, Criminal Division*
*Rosaleen O'Gara, Trial Attorney, Criminal Division*

*The Poydras Center*
*650 Poydras Street, Suite 1600*
*New Orleans, Louisiana 70130*

*Telephone: 504-680-3000*
*Fax: 504-589-2027*

July 20, 2022

Honorable Judge Greg Guidry
United States District Judge
Eastern District of Louisiana
500 Poydras Street, Room C556
New Orleans, Louisiana 70130

      Re:   United States v. Jerry Trabona
              <u>*Criminal Docket No. 21-cr-153 "T"*</u>

Dear Judge Guidry:

      In compliance with the holding of Bryan v. United States, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Jerry Trabona, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Walter Becker, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

      The Government has agreed that should the Court accept the defendant's plea of guilty to Count One of the Superseding Indictment, the Government will request the Court to dismiss Counts 2 through 4, at the time of sentencing. However, the defendant understands that the Court is not bound to dismiss any count.

      If the Court accepts the defendant's plea of guilty and the defendant fulfills each of the terms and conditions of this Plea Agreement, the government agrees that it will not further prosecute the defendant for any crimes described in the attached factual basis and revealed during the course of this investigation. This agreement is not intended to provide any limitation of liability arising out of any acts of violence.

      The defendant understands that Count One of the Superseding Indictment to which he is pleading guilty has the following essential elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:



AUSA
Defendant
Defense Counsel

a. First, the defendant agreed with at least one other person to buy or offer to buy votes in an election in which a federal candidate appeared on the ballot, in violation of 52 U.S.C. § 10307(c), as charged in Count One of the Superseding Indictment.

b. Second, the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

c. Third, at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Superseding Indictment, in order to accomplish some object or purpose of the conspiracy.

The defendant further understands that the maximum penalty defendant may receive should his plea of guilty be accepted is five years imprisonment and/or a fine of $250,000.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code, will apply. The defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The defendant further acknowledges and understands that, notwithstanding any payment schedule imposed at sentencing or during probation or supervised release, restitution is due and payable in full immediately upon entry of the judgment of conviction.

Further, the defendant understands that a mandatory special assessment fee of $100.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of up to 3 years pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked, and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

The defendant understands and agrees that by pleading guilty in this case the defendant agrees to waive certain rights, including the following:

a. the right to plead not guilty and to persist in that plea;
b. the right to a jury trial;
c. the right to be represented by counsel—and if necessary to have the court appoint counsel—at trial and at every other stage of the proceeding;

AUSA _____
Defendant _____
Defense Counsel _____

d. the right at trial to confront and cross-examine adverse witnesses, and to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;
e. the right to any further discovery or disclosures of information not already provided at the time of the entry of the guilty plea, other than information required to be disclosed under Federal Rule of Criminal Procedure 32(i)(2) and exculpatory or impeachment information casting doubt upon sentencing factors.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that he may have the right to file collateral challenges to his conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a. Waives and gives up any right to appeal or contest his guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b. Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c. Waives and gives up any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; and

AUSA 
Defendant
Defense Counsel

d. The defendant specifically does not waive and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

e. The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release. The defendant is also aware that in determining a fair and just sentence, the Court has the authority and discretion, pursuant to Title 18, United States Code, Sections 3553 and 3661 and the United States Sentencing Guidelines, to consider any and all "relevant conduct" that the defendant was involved in, the nature and circumstances of the offenses, and the history and characteristics of the defendant.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws his decision to plead guilty, his guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

The defendant further agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets currently or previously within defendant's possession. It is also understood that defendant will provide any and all financial information and documentation requested by the government, agrees to voluntarily execute a complete and thorough Financial Statement of Debtor, and further agrees to provide the requested List of Items that is attached to the Financial Statement. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of his conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to his inclusion in the Treasury Offset Program.

AUSA 
Defendant
Defense Counsel

The defendant understands that the statements set forth above and in the attached **SEALED** document (Attachment "A") represents defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

DUANE A. EVANS
UNITED STATES ATTORNEY

COREY R. AMUNDSON
CHIEF, PUBLIC INTEGRITY SECTION

_____  7/20/22
M. IRENE GONZALEZ          Date
MICHAEL N. LANG
ROSALEEN T. O'GARA
Attorneys for the United States

_____  7/20/22
JERRY TRABONA              Date
Defendant

_____  7/20/22
WALTER F. BECKER           Date
AMY L. MCINTIRE
WILLIAM M. KELLY
CHARLES V. GENCO
Attorney for JERRY TRABONA